## ALTMAN et al. v. McCALL.

(City Court of New York, General Term. January 3, 1901.)

1. TROVER AND CONVERSION—PROPER PARTY DEFENDANT.

　　Where the goods in question were not sold to defendant's assignors, but came into their possession on memorandum for account of the plaintiffs, an action for their value was properly brought against defendant individually, and not as assignee.

2. SAME—DEMAND ON ASSIGNORS—NECESSITY.

　　Where the goods in question were not sold to defendant's assignors, but came into their possession on memorandum for account of the plaintiffs, it was not necessary to make a demand on defendant's assignors before bringing an action against defendant for their value.

Appeal from trial term.

Action by Victor Altman and another against Ambrose O. McCall. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and HASCALL, JJ.

Edward W. S. Johnston, for appellant.

Joseph Rosenzweig, for respondents.

PER CURIAM. It is claimed on behalf of the appellant that the action should have been brought against him in his capacity as assignee, and not individually; that, no demand having been made upon the assignors, the plaintiff did not show that the transaction was other than a sale; that the court erred in directing a verdict assessing the value of the goods; and that the form of the judgment is irregular.

We have examined all the points urged for a reversal, but find that they are without merit. The action was properly brought against the defendant individually. Paper Co. v. Hunt, 9 N. Y. St. Rep. 31. A demand was not necessary to be made upon the assignors, and the evidence shows that the capes in question were not sold to the defendant's assignors, but, on the contrary, came into their possession on memorandum, for account of the plaintiffs. There was no conflict in the evidence upon the question of value, and defendant did not ask to go to the jury on that question. The form of the judgment conforms sufficiently to the facts and verdict.

Judgment appealed from affirmed, with costs.